[Civ. No. 4023. First Appellate District, Division Two.—December 7, 1921.]

ROBERT CAIN, Respondent, v. JAMES C. DAVIS, etc., Appellant.

[1] NEGLIGENCE — COLLISION AT RAILROAD CROSSING — CONTRIBUTORY NEGLIGENCE—INSUFFICIENCY OF EVIDENCE.—In an action for personal injuries received as a result of a collision between an automobile and a freight train at a crossing, it cannot be said that the plaintiff was guilty of contributory negligence, as a matter of law, where the electric signal at the crossing did not indicate the approach of the train and no bell was rung and no whistle was blown and the plaintiff looked and listened before driving upon the track.

[2] ID.—CONTRIBUTORY NEGLIGENCE—WHEN MATTER OF LAW.—It is only where no fact is left in doubt and no deduction other than negligence can be drawn by the jury from the evidence that the court can say as a matter of law that contributory negligence is established.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Moore and Thomas J. Geary for Appellant.

R. M. Barrett for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages which he sustained by reason of being hit by one of the defendant's trains. The defendant answered and a trial was had in the trial court by the court sitting with a jury. The jury returned a verdict in favor of the plaintiff, and the defendant has appealed from the judgment, bringing up the judgment-roll and a bill of exceptions. [1] On this appeal the defendant contends that the evidence showed that the plaintiff was at the time of the accident, as a matter of law, guilty of contributory negligence, and that the judgment should be reversed. The accident occurred at the crossing of College Avenue and the defendant's right of way in the city of Santa Rosa. The plaintiff was at the time of the accident

on his way to his residence, and was entirely familiar with
the route he was traveling, including the dangers, the sig-
nals, and the topographical conditions. College Avenue
intersects the defendant's right of way at an angle of about
forty-five degrees therewith. Buildings, fences, and trees
on the plaintiff's left greatly obscured, if they did not
wholly obscure, the plaintiff's view of the defendant's right
of way. On plaintiff's right, and approximately on the
eastern line of the defendant's right of way, the defendant
had maintained a signal device which consisted of an arm
attached to a standing pole, capable of being dropped to a
position at right angles to the pole supporting it, and which
arm was lettered "Stop." As a part of this apparatus
there was attached a wigwag. The apparatus was so con-
structed that when a train was approaching the crossing
the arm could be dropped to a position horizontal with the
road and the wigwag could be set in motion and kept in
motion until the train had passed by. At the point of
crossing there are three tracks, a side-track, the main-track,
and then another side-track. When the plaintiff had driven
his automobile to the railroad premises, another automobile
was at a standstill in College Avenue and a freight train
was moving to the south over the intersecting ways. The
plaintiff stopped his car sixty-five feet east of the first track
The freight train passed down the track until the end
of the last car, a caboose, was, according to some of the
testimony, near the center line of College Avenue. As the
freight train came to a standstill the engine was making
considerable noise discharging steam. The children riding
with the plaintiff were making more or less noise talking
among themselves. The plaintiff caused the children to be
quiet that he might listen for the sound of trains. He
listened for moving trains and heard no such sound. He
looked to the right and looked to the left, and could see no
approaching train, and, indeed, on the south he could see
nothing because of the obstructions. When the freight train
had come to a stop the automobile in front started up and
moved rapidly across the tracks. Before the plaintiff pro-
ceeded he looked at the wigwag signal and it was still. He
looked to his right and the way was clear. He looked to
his left, his view was obstructed and he could see nothing;
and he did not see anything till he passed the corner of

the caboose and then he saw the passenger train twenty feet away. No bell was rung and no whistle was blown by a train approaching from the south. The plaintiff thereupon proceeded and when he got on to the main-track the collision occurred. The defendant claims that these facts, as a matter of law, constituted contributory negligence on the part of the plaintiff. To support his contention he cites *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 Pac. 36], and earlier decisions of that court. Of all of those cases it may be truly said that the facts were somewhat similar to those in the case at bar. But they were by no means identical. The appellant would have us disregard the nonaction of the wigwag in considering the question of contributory negligence of the plaintiff. (*Headley* v. *Denver & R. G. Co.*, 60 Colo. 500 [154 Pac. 731] ; *Jacobs* v. *Atchison, T. & S. F. Ry. Co.*, 97 Kan. 247 [Ann. Cas. 1918D, 384, L. R. A. 1916D, 783, 154 Pac. 1023].) Those cases are to the effect that the nonaction of the electrical device is to be classed with the failure to ring a locomotive bell and the failure to blow a locomotive whistle. They are to the effect that the nonaction of such a device would not excuse such a person as this plaintiff from performing the duty to stop, look, and listen when he is about to cross the track of a steam railroad. However, an examination of the testimony above quoted will show at once that the record in this case does not show that the plaintiff neg' ected to perform that duty. **[2]** The plaintiff was called upon to exercise ordinary care and not the utmost care, and it is only where no fact is left in doubt, and no deduction other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 241 [116 Pac. 513].) We think that under the facts shown by the record in this case we are not at liberty to say the plaintiff was guilty of contributory negligence.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.